# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

RICK CORTEZ and TINA CORTEZ,

    Plaintiffs,

v.                                                   CIV. NO. 02-1458 LFG/WWD

JOHN McCAULEY et al.,

    Defendants.

## PLAINTIFFS' MOTION TO AMEND COMPLAINT

Plaintiffs Rick and Tina Cortez, by and through their attorneys, Kennedy & Han, P.C., hereby move the Court to permit Plaintiffs to amend their complaint, to allege that Defendants received "actual notice" of the "occurrence" forming the basis of Plaintiffs' complaint within the meaning of the New Mexico Tort Claims Act ("NMTCA").

In support of this motion, Plaintiffs state that leave to amend a complaint should be freely given when justice so requires, and there is no just reason why Plaintiffs should not be allowed to amend their complaint. Fed. R. Civ. P. 15; see Foman v. Davis, 371 U.S. 178, 182 (1962).

Counsel for Defendants Bowdich and the Board of County Commissioners of Bernalillo County opposes this motion.

Plaintiffs present their arguments in support of this motion in a Memorandum in Support of Plaintiffs' Motion to Amend Complaint filed concurrently with the motion. A copy of Plaintiffs' proposed amended complaint is attached to the motion.

WHEREFORE, Plaintiffs pray the Court to allow them to amend their complaint.

Respectfully submitted,

*[signature]*

Kristin Morgan-Tracy
KENNEDY & HAN, P.C.
Attorneys for Plaintiff
1122 Central Avenue, S.W.
Albuquerque, New Mexico 87102
(505) 842-8662

I hereby certify that a true copy of the foregoing was forwarded by facsimile & U.S. Mail to:

William D. Slease
Jonlyn Martinez
Slease & Martinez, P.A.
Post Office Box 1805
Albuquerque, New Mexico 87103-1805
Facsimile: (505) 247-9566

this 17th day of January, 2003.

*[signature]*

Kristin Morgan-Tracy
Kennedy & Han, P.C.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

RICK CORTEZ and TINA CORTEZ,

    Plaintiffs,

v.                                                      CIV. NO. 02-1458 LFG/WWD

JOHN McCAULEY, JAMES GONZALES,
CURTIS SANCHEZ, SHUREKE COVINGTON,
and JOE BOWDICH in their individual capacities,
the BOARD OF COMMISSIONERS OF THE
COUNTY OF BERNALILLO, NEW MEXICO,
and RAQUEL VILLEGAS,

    Defendants.

## FIRST AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, TORT CLAIMS, AND DAMAGES

Plaintiffs Rick and Tina Cortez, by and through their counsel, bring this complaint for violation of their civil rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988, and for torts under the New Mexico Tort Claims Act and state common law, and allege as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 1983 and 1988, and 28 U.S.C. § 1343, with pendent jurisdiction over the state law claims. Venue is proper in this district as Defendants are all residents of New Mexico and all of the acts complained of occurred in New Mexico. Plaintiffs' causes of action arose in New Mexico.

## PARTIES

2. Plaintiffs Rick and Tina Cortez are residents and citizens of the state of New Mexico.

3. Defendants Sanchez, Gonzales, Covington and McCauley were, at all relevant times herein, law enforcement officers employed by the Bernalillo County Sheriff's Department, a governmental agency operated by Defendant the Board of County Commissioners of Bernalillo County, New Mexico.

4. Defendant Joe Bowdich was, at all relevant times, the Bernalillo County Sheriff, the supervisor of Defendants Sanchez, Gonzales, Covington, and McCauley, and a policy maker for Defendant the Board of County Commissioners of Bernalillo County.

5. At all times material to this complaint, the individual law enforcement officer Defendants were acting within the scope of their duties and employment and under color of state law. The individual law enforcement officer Defendants are sued in their individual capacities.

6. Defendant Raquel Villegas is a resident and citizen of the State of New Mexico.

## FACTUAL BACKGROUND

7. In the early morning hours of May 26, 2001, Plaintiffs Rick and Tina Cortez were asleep in their home.

8. Plaintiffs awoke to the sound of someone opening the gate and walking into their fenced yard. As flash lights moved about the back yard, they heard banging on their front door.

9. Alarmed, Plaintiff Rick Cortez went to the front door. Defendants and other law enforcement officers ordered him out of the house, grabbed him, and pulled him into the night.

10. Plaintiff Rick Cortez, barefoot and wearing only shorts, was handcuffed and placed in a patrol car. Defendant McCauley began questioning Plaintiff in the car.

11. When Plaintiff Tina Cortez went to the door, Defendant Covington ordered her out of the house as well. As she was attempting to put shoes on, Defendant Covington entered the house. When Plaintiff Tina Cortez tried to make a telephone call, Defendant Covington physically seized the telephone from her. Defendant Covington then took Plaintiff Tina Cortez out of the house and placed her in another patrol car, where he interrogated her.

12. Defendants seized Plaintiffs' house key and locked Plaintiffs out of their house.

13. Both Plaintiffs were forcibly extracted from their home, and interrogated in separate police cars for over an hour before they were released.

14. Only afterward did Defendants tell Plaintiffs that they had maced Plaintiffs' dog, and that Plaintiffs needed to wash out his eyes.

15. Defendants and other law enforcement officers entered Plaintiffs' curtilage and home, without permission, without probable cause, without exigent circumstances and without a warrant.

16. While in custodial interrogation, Plaintiff Rick Cortez told Defendants that the handcuffs were too tight and were hurting him, but Defendants ignored him.

17. On the night of the incident, Plaintiffs made repeated statements to the Defendant officers which would have caused a reasonable person to conclude that Plaintiffs may claim compensation, including but not limited to statements that they had been injured and considered Defendants to be at fault.

18. The Defendant officers prepared detailed reports and preserved evidence regarding the incident and the investigation surrounding it, and reported the incident to one or more superior officers.

19. Plaintiffs were never charged with any crime as a result of Defendants' unconstitutional investigation of them.

20. Defendant Villegas intentionally inflicted severe emotional distress upon Plaintiffs, by knowingly and maliciously making a false and defamatory report to officers of the Bernalillo County Sheriff's Department, accusing Plaintiff Rick Cortez of shocking, criminal acts. Defendant Villegas knew that her report had no basis in fact, and had no justification for her false report.

### COUNT I: UNLAWFUL ARREST AND INTERROGATION IN VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS AGAINST DEFENDANTS SANCHEZ, GONZALES, McCAULEY AND COVINGTON

21. Plaintiffs incorporate paragraphs 1 through 20 as though fully set forth herein.

22. Defendants Sanchez, Gonzales, McCauley and Covington arrested Plaintiffs in their home and interrogated them on May 26, 2001, without probable cause to believe that Plaintiffs had committed or were committing a crime, and without a warrant or exigent circumstances.

23. Defendants' actions in arresting and interrogating Plaintiffs and the manner in which Defendants effected the arrest and interrogation, were objectively unreasonable, and intentional, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiffs' rights.

24. Defendants' unlawful arrest and interrogation of Plaintiffs proximately caused Plaintiffs damages and injuries. These damages include physical injury, physical pain and suffering, lost liberty, property damage, and psychological and emotional distress.

WHEREFORE, Plaintiffs request compensatory and punitive damages against Defendants Sanchez, Gonzales, McCauley and Covington, together with all costs and attorneys' fees.

### COUNT II: EXCESSIVE USE OF FORCE IN VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS AGAINST DEFENDANTS SANCHEZ, GONZALES, McCAULEY AND COVINGTON

25. Plaintiffs incorporate paragraphs 1 through 24 as though fully set forth herein.

26. Defendants Sanchez, Gonzales, McCauley and Covington used physical force in seizing and arresting Plaintiffs on May 26, 2001, including but not limited to grabbing Plaintiffs and pulling them out of their home, seizing the telephone from Tina Cortez, and handcuffing Rick Cortez unnecessarily tightly while interrogating him. Defendants used this physical force without probable cause to believe that Plaintiffs posed any physical danger to anyone, and without giving Plaintiffs an opportunity to comply with their requests.

27. Defendants' use of force against Plaintiffs was excessive and objectively unreasonable under the circumstances.

28. Defendants' actions were intentional, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiffs' rights.

29. Defendants' use of excessive force proximately caused Plaintiffs damages and injuries, including physical injury, physical pain and suffering, lost liberty, property damage, and psychological and emotional distress.

WHEREFORE, Plaintiffs request compensatory and punitive damages against Defendants Sanchez, Gonzales, McCauley and Covington, together with costs and attorneys' fees.

### COUNT III:  UNREASONABLE SEARCH IN VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS AGAINST DEFENDANTS SANCHEZ, GONZALES, McCAULEY AND COVINGTON

30. Plaintiffs incorporate paragraphs 1 through 29 as though fully set forth herein.

31. Defendants Sanchez, Gonzales, McCauley and Covington did not have probable cause to believe that there was evidence of a crime in Plaintiffs' curtilage or residence. Nor did Defendants have reason to believe that Plaintiffs may have been armed or dangerous.

32. Defendants did not have a warrant to enter or search Plaintiffs' curtilage or residence, or to arrest Plaintiffs.

33. No exigent circumstances justified Defendants' warrantless entry into and search of Plaintiffs' curtilage and residence.

34. Defendants' entry into and search of Plaintiffs' curtilage and residence were objectively unreasonable, and intentional, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiffs' rights.

35. Defendants' unlawful entry into and search of Plaintiffs' curtilage and residence caused Plaintiffs damages and injuries. These damages include property damage, lost liberty, and psychological and emotional distress.

WHEREFORE, Plaintiffs request compensatory and punitive damages against Defendants Sanchez, Gonzales, McCauley and Covington, together with costs and attorneys' fees.

## COUNT IV: SECTION 1983 CLAIMS AGAINST DEFENDANTS BOWDICH AND THE BOARD OF COMMISSIONERS OF BERNALILLO COUNTY

36. Plaintiffs incorporate paragraphs 1 through 35 as though fully set forth herein.

37. On information and belief, Defendants Bowdich and others who supervised Defendant Gonzales knew full well of Defendant Gonzales' history of Fourth Amendment violations as a law enforcement officer. Defendant Gonzales' conduct posed a pervasive and unreasonable risk of constitutional injury to citizens with whom he interacted in the course of his employment as a law enforcement officer.

38. Defendants Bowdich and other law enforcement officer supervisors retained Defendant Gonzales as a law enforcement officer despite this knowledge.

39. Moreover, these supervisors took no steps to prevent or correct Defendant Gonzales' illegal behavior, nor did they in any way restrict his access to citizens in the course of his employment as a law enforcement officer. These supervisors' acts and failures to act, in light of their knowledge as set forth above, was so culpable as to constitute authorization of and acquiescence in Defendant Gonzales' misconduct.

40. These supervisors' retention of Defendant Gonzales and their failure to adequately train and supervise him, constituted deliberate indifference to Plaintiffs' Fourth and Fourteenth Amendment rights.

41. These supervisors' retention of Defendant Gonzales and their failure to adequately train and supervise him, affirmatively and proximately caused Plaintiffs constitutional injury.

42. These supervisors' wrongful retention, insufficient training, supervision, and procedures, and a complete failure to prevent conduct such as that complained of here, constituted a custom, practice, and policy of deliberate indifference to the rights of Plaintiffs and other citizens, which affirmatively and proximately caused Plaintiffs constitutional injury.

WHEREFORE, Plaintiffs Rick and Tina Cortez ask for compensatory and punitive damages against Defendant Bowdich, and compensatory damages against Defendant the Board of Commissioners of Bernalillo County, together with an award of reasonable attorneys fees and costs.

### COUNT V: STATE TORT CLAIMS AGAINST DEFENDANTS SANCHEZ, GONZALES, McCAULEY AND COVINGTON AND THE BOARD OF COUNTY COMMISSIONERS OF BERNALILLO COUNTY

43. Plaintiffs incorporate paragraphs 1 through 42 as though fully set forth herein.

44. Defendants Sanchez, Gonzales, McCauley and Covington intentionally assaulted, battered, falsely arrested, and falsely imprisoned Plaintiffs on May 26, 2001. Defendants also trespassed on Plaintiffs' curtilage, residence, and chattels.

45. Defendant the Board of County Commissioners of Bernalillo County is vicariously liable for the intentional torts of Defendants Sanchez, Gonzales, McCauley and

Covington, which Defendants committed in the course and scope of their duties and employment as law enforcement officers. The Defendant County received actual notice of the occurrence within the meaning of the New Mexico Tort Claims Act.

46. Defendants' actions as set forth above proximately caused Plaintiffs damages and injuries. These damages include physical injuries, physical pain and suffering, lost liberty, property damage, and psychological and emotional distress.

WHEREFORE, Plaintiffs request compensatory and punitive damages against Defendants Villegas, Sanchez, Gonzales, McCauley and Covington, together with all costs and attorneys' fees, and compensatory damages and an award of costs against Defendant the Board of County Commissioners of Bernalillo County.

## COUNT VI: NEGLIGENCE CLAIMS AGAINST DEFENDANT BOWDICH AND THE BOARD OF COUNTY COMMISSIONERS OF BERNALILLO COUNTY

47. Plaintiffs incorporate paragraphs 1 through 46 as though fully set forth herein.

48. At all relevant times, Defendants Bowdich and the Board of County Commissioners of Bernalillo County had a duty to exercise reasonable care for the safety of Bernalillo County citizens with whom Bernalillo County Sheriff's deputies came into contact, in hiring, retaining, supervising, and training its deputies.

49. Defendant Bowdich, and the Board of County Commissioners of Bernalillo County by and through its supervisory employees, failed to exercise such care, *inter alia*, by failing to institute and enforce physical, procedural, and regulatory safeguards to protect citizens from violation of their civil and constitutional rights by officers under its supervision, including the individual law enforcement officer Defendants.

50. Defendants' actions were in complete derogation of any known standard for the proper administration and operation of a law enforcement agency.

51. Defendants' acts and failures to act constituted negligence, gross negligence, and recklessness toward Plaintiffs.

52. Defendants' negligence, gross negligence, and recklessness proximately caused Plaintiffs damages. These damages include lost liberty, physical injury, pain and suffering, property damage, and severe psychological and emotional distress.

53. Defendant the Board of County Commissioners of Bernalillo County is vicariously liable under the doctrine of *respondeat superior* for the acts and failures to act of its supervisory employees committed in the scope of their duties and employment, including but not limited to the acts of Defendant Bowdich. The Defendant County received actual notice of the occurrence within the meaning of the New Mexico Tort Claims Act.

WHEREFORE, Plaintiffs request compensatory and punitive damages against Defendant Bowdich, and compensatory damages against Defendant the Board of County Commissioners of Bernalillo County, together with an award of costs.

### COUNT VII: TORT CLAIMS AGAINST DEFENDANT VILLEGAS

54. Plaintiffs incorporate paragraphs 1 through 53 as though fully set forth herein.

55. Defendant Villegas intentionally inflicted severe emotional distress upon Plaintiffs, with extreme and outrageous conduct, by making a police report accusing Plaintiff Rick Cortez of criminal acts, when she knew that her accusations were false.

56. Defendant's false police report against Plaintiff Rick Cortez was knowing and malicious, was a published statement of fact that was defamatory and understood to be defamatory, and proximately caused actual injury to Plaintiff's reputation. Because Defendant knew the statement to be false, she abused any qualified privilege she may otherwise have had to make the statement.

57. In the alternative, Defendant Villegas intentionally made a false police report to harm Plaintiffs, the report did in fact harm Plaintiffs, and Defendant's conduct had no justification under all of the circumstances. Thus, Defendant Villegas committed a *prima facie* tort against Plaintiffs.

58. Defendant Villegas' tortious acts and omissions as set forth above constitute intentional infliction of emotional distress and defamation, or, in the alternative, *prima facie* tort, and proximately caused Plaintiffs damages and injuries. These damages include physical injuries, physical pain and suffering, and psychological and emotional distress.

WHEREFORE, Plaintiffs request compensatory and punitive damages against Defendant Villegas, together with all costs and attorneys' fees.

## JURY TRIAL DEMAND

59. Plaintiffs hereby demand a trial by jury on all counts so triable.

11

                                    **Respectfully submitted,**

_____
MARY Y. C. HAN
KRISTIN MORGAN TRACY
Attorneys for Plaintiffs
1122 Central Avenue, Southwest
Albuquerque, New Mexico 87102
(505) 842-8662

I hereby certify that a true copy of the foregoing was forwarded by facsimile & U.S. Mail to:

William D. Slease
Jonlyn Martinez
Slease & Martinez, P.A.
Post Office Box 1805
Albuquerque, New Mexico 87103-1805
Facsimile: (505) 247-9566

this _____ day of January, 2003.

_____
Kristin Morgan-Tracy
Kennedy & Han, P.C.