IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICK CORTEZ and TINA CORTEZ,

    Plaintiffs,

v.

CIV. NO. 02-1458 LFG/WWD

JOHN McCAULEY et al.,

    Defendants.

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND COMPLAINT

Plaintiffs, by and through their attorneys, Kennedy & Han, P.C., hereby submit this Memorandum in Support of their Motion to Amend Complaint, and state the following:

### I. Introduction

In their original Complaint, Plaintiffs allege the following. In the early morning hours of May 26, 2001, Plaintiffs Rick and Tina Cortez were asleep in their home. Plaintiffs awoke to the sound of someone opening the gate and walking into their fenced yard. As flash lights moved about the back yard, they heard banging on their front door. Alarmed, Plaintiff Rick Cortez went to the door. The Defendant officers, who are Bernalillo County Sheriff's deputies, and other law enforcement officers, ordered him out of the house, grabbed him, and pulled him into the night. Plaintiff Rick Cortez, barefoot and wearing only shorts, was handcuffed and placed in a patrol car. Defendant McCauley began questioning Plaintiff in the car.

When Plaintiff Tina Cortez went to the door to find out what had happened to her husband, Defendant Covington ordered her out of the house as well. As she was attempting to put shoes on, Defendant Covington entered the house. When Plaintiff Tina Cortez tried to make a telephone call,

Defendant Covington physically seized the telephone from her. Defendant Covington then took Plaintiff Tina Cortez out of the house and placed her in another patrol car, where he interrogated her.

Defendants seized Plaintiffs' house key and locked Plaintiffs out of their house. Both Plaintiffs were forcibly extracted from their home, and interrogated in separate police cars for over an hour before they were released. Only afterward did Defendants tell Plaintiffs that they had maced Plaintiffs' dog, and that Plaintiffs needed to wash out his eyes.

Defendants and other law enforcement officers entered Plaintiffs' curtilage and home, without permission, without probable cause, without exigent circumstances, and without a warrant. While in custodial interrogation, Plaintiff Rick Cortez told Defendants that the handcuffs were too tight and were hurting him, but Defendants ignored him. Plaintiffs were never charged with any crime as a result of Defendants' unconstitutional investigation of them.

On the basis of the foregoing, on November 19, 2002, Plaintiffs filed a complaint against Defendants, asserting civil rights claims under 42 U.S.C. § 1983. Plaintiffs also asserted claims of assault, battery, false arrest, false imprisonment, trespass, and negligence against Defendants under the New Mexico Tort Claims Act ("NMTCA"). On January 2, 2003, Defendant the Board of County Commissioners of Bernalillo County ("Defendant County") moved to dismiss Plaintiffs' tort claims against it, claiming that Plaintiffs have failed to sufficiently allege that they complied with the notice requirements of the NMTCA.[1] While Plaintiffs do not agree that their complaint must contain a line-by-line rebuttal of each and every defense Defendants choose to raise, and have opposed Defendants' motion in a response filed concurrently herewith, in the alternative, Plaintiffs respectfully request

---

[1] The Defendant County has not moved to dismiss Plaintiffs' civil rights claims, or Plaintiffs' civil rights or tort claims against any other Defendant.

4

that the Court permit them to amend their complaint to address the alleged defects raised by Defendant's motion. In other words, Plaintiffs request that they be granted leave to amend their complaint to allege that Defendants received "actual notice" of the "occurrence" forming the basis of Plaintiffs' complaint within the meaning of the New Mexico Tort Claims Act ("NMTCA").

## II. Analysis

Federal Rule of Civil Procedure 15 states that, absent certain circumstances not present in this case, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts "balance several factors in deciding whether leave to amend should be granted." 6 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1487 at 612 (2d ed. 1990). As the Supreme Court has stated,

> [i]n the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).

In the present matter, there is no reason that would prevent the Court from permitting Plaintiffs to amend their complaint. First, there has been no "undue delay" in moving to amend. Id. at 182. Plaintiffs seek to amend their complaint less than two months after filing their original complaint, within fourteen days after the Defendant County filed its January 2, 2003 motion to dismiss, and well within all applicable statutes of limitation. Plaintiffs have no "bad faith or dilatory motive" for moving to amend. Foman, 371 U.S. at 182. Rather, Plaintiffs simply seek to amend the complaint to address the alleged defects raised by Defendant's own motion. Nor has there been

5

"repeated failure to cure deficiencies by amendments previously allowed." Id. The amendment proposed in this motion is the first Plaintiffs have sought.

Defendants will not suffer "undue prejudice" if the Court permits Plaintiffs to amend their complaint. Id. The factual bases of Plaintiffs' claims remain the same. Plaintiffs simply seek to amend their complaint to address the alleged defects raised in the Defendant County's motion to dismiss. Plaintiffs' amendment will not increase discovery, delay the trial of this matter, or surprise Defendants. Indeed, as of the date of filing this motion, not all Defendants have even answered Plaintiffs' complaint, much less begun discovery.

Finally, Plaintiffs' proposed amendment is not futile. Foman, 371 U.S. at 182. Plaintiffs seek to amend their complaint to address the alleged defects raised in the Defendant County's motion to dismiss, and the amendment is valid for the reasons stated in Plaintiffs' response to that motion, filed concurrently herewith.

### III. Conclusion

For all of the above reasons, the Court should grant Plaintiffs' motion to amend their complaint to allege that Defendants received "actual notice" of the "occurrence" forming the basis of Plaintiffs' complaint within the meaning of the NMTCA.

Respectfully submitted,

_____
Kristin Morgan-Tracy
Kennedy & Han, P.C.
Attorneys for Plaintiffs
1122 Central Avenue, S.W.
Albuquerque, New Mexico 87102
(505) 842-8662

6

I hereby certify that a true copy of the foregoing
was forwarded by facsimile & U.S. Mail to:

William D. Slease
Jonlyn Martinez
Slease & Martinez, P.A.
Post Office Box 1805
Albuquerque, New Mexico 87103-1805
Facsimile: (505) 247-9566

this 17th day of January, 2003.

_____
Kristin Morgan-Tracy
Kennedy & Han, P.C.

7