# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**RICK CORTEZ**, and **TINA CORTEZ**,

    Plaintiffs,

vs.                                                         No.   **CIV 02-1458 MCA/WWD**

**JOHN MCCAULY, JAMES GONZALES,
CURTIZ SANCHEZ, SHUREKE COVINGTON,**
and **JOE BOWDICH**, in their individual
capacities, **THE BOARD OF COMMISSIONERS
OF THE COUNTY OF BERNALILLO,
NEW MEXICO,** and **RAQUEL VILLEGAS**,

    Defendants,

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant *County of Bernalillo's Motion to Dismiss Counts V and VI of the Plaintiff's Complaint With Prejudice* [Doc. No. 4] filed on January 2, 2003, and *Plaintiffs' Motion to Amend Complaint* [Doc. No. 9] filed on January 17, 2003. Having considered the submissions of the parties, the relevant law, and otherwise being fully advised in the premises, the Court finds that grounds exist for denying Defendant County of Bernalillo's motion and granting Plaintiffs' motion.

## I.   BACKGROUND

Plaintiffs filed this action on November 19, 2002, seeking damages under 42 U.S.C. §§ 1983 and 1988 for alleged violations of their civil rights under the Fourth and Fourteenth

Amendments to the United States Constitution, and damages for alleged torts under state common law and the New Mexico Tort Claims Act, N.M. Stat. Ann. §§ 41-4-1 to 41-4-27 (Michie 1978 & Supp. 1996).  Counts V of Plaintiffs' *Complaint* alleges that Defendants Sanchez, Gonzalez, McCauley, and Covington committed the torts of assault, battery, false arrest, false imprisonment, and trespass in the course and scope of their duties and employment as law enforcement officers and that Defendant Board of County Commissioners of Bernalillo County is vicariously liable under state law for these torts. Count VI of Plaintiffs' *Complaint* alleges that Defendants Bowdich and supervisory employees of Bernalillo County were negligent and reckless in their supervision and training of sheriff's deputies and that Defendant Board of County Commissioners of Bernalillo County is vicariously liable under state law for this negligence and recklessness.

On January 2, 2003, Defendant County of Bernalillo moved to dismiss Counts V and VI of Plaintiffs' *Complaint* under Fed. R. Civ. P. 12(b)(6) on the grounds that the claims alleged in these counts were barred by the notice requirements of Section 41-4-16 of the Tort Claims Act, N.M. Stat. Ann. § 41-4-16.  Plaintiffs have filed a response in opposition to Defendant County of Bernalillo's motion.

On January 17, 2003, Plaintiffs filed a motion to amend their *Complaint* under Fed. R. Civ. P. 15(a) on the grounds that such an amendment will cure the defect alleged in Defendant County of Bernalillo's motion regarding the notice requirements of Section 41-4-16 of the Tort Claims Act.  Defendant County of Bernalillo maintains that such an

amendment would be futile because the proposed amendment does not contain allegations which are sufficient to meet the notice requirements of Section 41-4-16.

## II. ANALYSIS

A complaint may be amended "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). Thereafter, such an amendment requires leave of the Court or written consent of the adverse party. Such "leave shall be freely given when justice so requires." Id. It is within the Court's discretion, however, to deny leave to amend a pleading under Fed. R. Civ. P. 15(a) based upon a justifying reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); accord Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996).

A motion to amend a complaint is futile if, notwithstanding the amendment, the complaint "would be subject to dismissal." Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc., 175 F.3d 848, 859 (10th Cir. 1999). Dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) is appropriate only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be

granted." Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir.1991). Accordingly, all well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party. GFF Corp., 130 F.3d at 1384.

Consideration of matters outside the pleadings may, in some instances, require a motion to dismiss to be reviewed under the standard applicable to a motion for summary judgment. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Applying these standards, the Court first addresses Defendant's motion to dismiss Counts V and VI of Plaintiffs' *Complaint* based on Section 41-4-16 of the Tort Claims Act. That section provides, in relevant part, that:

> A. Every person who claims damages from the state or any local public body under the Tort Claims Act . . . shall cause to be presented to . . . the county clerk of a county for claims against the county, or to the administrative head of any other local public body for claims against such local public body, within ninety days after an occurrence giving rise to a claim for which immunity has been waived under the Tort Claims Act, a written notice stating the time, place and circumstances of the loss or injury.
>
> B. No suit or action for which immunity has been waived under the Tort Claims Act shall be maintained and no court shall have jurisdiction to consider any suit or action against the state or any local public body unless notice has been given as required by this section, or unless the governmental entity had actual notice of the occurrence.

N.M. Stat. Ann. § 41-4-16. Counts V and VI of Plaintiffs' *Complaint* contain no allegations regarding whether these notice requirements were satisfied. Accordingly, the Court agrees

with Defendant County of Bernalillo that the allegations in Counts V and VI of Plaintiffs' *Complaint* are not sufficient to satisfy the notice requirements of Section 41-4-16 of the Tort Claims Act.

Under the circumstances of this case, however, it does not necessarily follow that these counts of Plaintiffs' *Complaint* must be dismissed with prejudice. In Counts V and VI of their proposed amended complaint, Plaintiffs have added allegations that: "The Defendant County received actual notice of the occurrence within the meaning of the New Mexico Tort Claims Act." Plaintiffs also direct the Court's attention to reported opinions of New Mexico appellate courts interpreting the "actual notice" provision in Section 41-4-16(B) of the Tort Claims Act.

Under these authorities, the "actual notice" requirement has been interpreted to mean "notice of a likelihood that litigation may ensue, in order to reasonably alert the state to the necessity of investigating the merits of the potential claim." Callaway v. N.M. Dep't of Corrections, 117 N.M. 637, 640, 875 P.2d 393, 396 (Ct. App. 1994). A statement to the effect that "I am going to sue" is not necessary, so long as the facts of the case permit a "reasonable inference of the likelihood of suit." Lopez v. New Mexico, 1996-NMSC-071, ¶ 15, 122 N.M. 611, 614, 930 P.2d 146.

"As a general rule, whether or not notice has been given or received is a question of fact to be determined by the trier of fact." Smith v. N.M. Dep't of Parks & Rec., 106 N.M. 368, 371, 743 P.2d 124, 127 (Ct. App. 1987). Typically this issue is asserted as an affirmative defense and raised by means of a motion for summary judgment. See Dutton v.

McKinley County Bd. of Comm'rs, 113 N.M. 51, 52-53, 822 P.2d 1134, 1135-36 (Ct. App. 1991); Emery v. Univ. of N.M. Med. Ctr., 96 N.M. 144, 146-47, 628 P.2d 1140, 1142-43 (Ct. App. 1981).

While no summary-judgment motion concerning the issue of notice under the Tort Claims Act is currently pending in this case, Defendants have attached affidavits and other documents to their response to *Plaintiffs' Motion to Amend Complaint* for the purpose of showing that the "actual notice" requirement cannot be satisfied here. In their reply to Defendants' response, Plaintiffs attach an affidavit asserting that, at the time they were detained, they made statements to the officers which would have caused a reasonable person to conclude that they may claim compensation, including statements that they had been injured and considered Defendants to be at fault. (Ex. A. to Pltfs. Reply.)

Based on its review of the proposed amendment to Plaintiffs' *Complaint* and the materials submitted with the parties' briefs, the Court concludes that the factual issue concerning whether Plaintiffs satisfied the "actual notice" provision of Section 41-4-16(B) of the Tort Claims Act cannot be resolved at this early stage of the litigation under the particular circumstances of this case where the Court has considered the motion to dismiss under Fed. R. Civ. P. 12(b)(6) and the motion to amend under Fed. R. Civ. P. 15(a). When viewed in the light most favorable to Plaintiffs, the "actual notice" language added to the proposed amended complaint "is legally sufficient to state a claim for which relief may be granted," Miller, 948 F.2d at 1565. Therefore, the Court cannot say beyond doubt that the proposed amendment would be futile.

### III. CONCLUSION

For the foregoing reasons, the Court will not dismiss Counts V and VI of Plaintiffs' *Complaint* with prejudice at this time, and Plaintiffs are granted leave to amend their *Complaint* in the manner specified in their motion.

**IT IS, THEREFORE, ORDERED** that Defendant *County of Bernalillo's Motion to Dismiss Counts V and VI of the Plaintiff's Complaint With Prejudice* [Doc. No. 4] is **DENIED**.

**IT IS FURTHER ORDERED** that *Plaintiffs' Motion to Amend Complaint* [Doc. No. 9] is **GRANTED**.

**SO ORDERED,** this 5th day of March, 2003, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge